**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| NATALIE COGDELL, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO: |
| | ) |
| ST. MARY'S HEALTH, INC., d/b/a | ) |
| ASCENSION ST. VINCENT | ) |
| EVANSVILLE, INC., | ) |
| | ) |
|     **Defendant.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case

1. Plaintiff, Natalie Cogdell ("Cogdell"), brings this Complaint against Defendant, St. Mary's Health, Inc. d/b/a Ascension St. Vincent Evansville, Inc. ("Defendant"), for its discriminatory actions towards her based on her race, African-American, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII") and for its discriminatory actions towards her based on her age in and the Age Discrimination in Employment Act ("ADEA").

### II. Parties

2. Cogdell is a citizen of the United States and has resided within the Southern District of Indiana at all relevant times hereto.

3. Defendant is Domestic Non-Profit Corporation located within and conducts business within the geographic boundaries of the Southern District of Indiana at all times relevant to this action.

-1-

### III.  Jurisdiction and Venue

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, 29 U.S.C. §626(c), and 42 U.S.C. § 2000e-5(f)(3).

5.      Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b) and 29 U.S.C. §630(b).

6.      Cogdell, at all times relevant hereto, was an "employee" and/or "applicant" as that term is defined by 42 U.S.C. §2000e(f) and 29 U.S.C. §630(f).

7.      Cogdell satisfied her obligation to exhaust her administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge No. 470-2022-04025. Cogdell received her Notice of Suit Rights and timely filed this action.

8.      All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this court is proper.

### IV.  Factual Allegations

9.      Cogdell, who is African-American and currently 46 years of age, was hired by the Defendant in or about May 2011.

10.     Cogdell held the position of Administrative Coordinator upon her discharge in April 2021.

11.     At all times relevant, Cogdell met or exceeded the Defendant's legitimate performance expectations.

12.     Cogdell worked at the Defendant's Northside Crossing location for almost 10 years. In April 2021, Cogdell was terminated/position eliminated due to alleged loss of revenue

due to Covid. However, Cogdell was one of the most senior employees and there were many other positions she could have performed for the Defendant in lieu of termination.

13. In fact, Cogdell had worked as the Interim Manager on 2 occasions prior to her termination and had worked on both sides of the building – i.e. she was familiar with all functions for the facility.

14. After the loss of her position with the Defendant, Cogdell was designated as eligible for rehire with the Defendant.

15. Prior to her last workday, in or about February/March 2021, Cogdell applied for the Urgent Care Manager position. Cogdell interviewed for the position but did not hear back.

16. Cogdell called human resources two times and was finally told "they loved you but are not hiring you." The position was given to a white candidate who was under the age of 40 and had only worked for the Defendant for 2 years.

17. Cogdell engaged in a protected activity and complained about the hiring to the Defendant.

18. In or about January/February 2022, the Physician Practice Manager position for the Northside Crossing location came open. Cogdell applied for the position having held the interim position on 2 prior occasions. Cogdell was not even granted an interview. The position was awarded to a white candidate under the age of 40.

19. In or about February 2022, Cogdell's former position of Administrator Coordinator position came open. Cogdell was not even contacted about the position.

20. Cogdell's is eligible for rehire with the Defendant, her application is open with the Defendant, and she has 10 years of excellent job performance with the Defendant.

21. Nonetheless she has been denied or passed over for positions in lieu of those outside of her race and/or age and/or for those who have not engaged in a protected activity.

## V. Causes of Action

### Count I. Race Discrimination Claim

22. Cogdell hereby incorporates by reference paragraphs one (1) through twenty-one (21) of her Complaint.

23. Cogdell was terminated and passed up for positions based on her race.

24. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq*.

25. Defendant's actions were willful, intentional, and done with reckless disregard for Cogdell's civil rights.

26. Cogdell has suffered injury as a result of Defendant's unlawful actions.

### COUNT II: Age Discrimination Claim

27. Cogdell hereby incorporates paragraphs one (1) through twenty-six (26) of her Complaint as if the same were set forth at length herein.

28. Cogdell's employment was terminated and she was passed up for positions because of her age.

29. Defendant's actions were intentional, willful, and in reckless disregard of Cogdell's rights as protected by the ADEA.

30. Cogdell has suffered damages as a result of Defendant's unlawful actions.

### Count III. Title VII Retaliation Claim

31. Cogdell hereby incorporates by reference paragraphs one (1) through thirty (30) of her Complaint.

32.     Cogdell was terminated and passed up for positions based on engaging in a protected activity.

33.     Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et.* *seq*.

34.     Defendant's actions were willful, intentional, and done with reckless disregard for Cogdell's civil rights.

35.     Cogdell has suffered injury as a result of Defendant's unlawful actions.

### COUNT IV: ADEA Retaliation Claim

36.     Cogdell hereby incorporates paragraphs one (1) through thirty-five (35) of her Complaint as if the same were set forth at length herein.

37.     Cogdell's employment was terminated and she was passed up for positions due to engaging in a protected activity.

38.     Defendant's actions were intentional, willful, and in reckless disregard of Cogdell's rights as protected by the ADEA.

39.     Cogdell has suffered damages as a result of Defendant's unlawful actions.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Natalie Cogdell, by counsel, respectfully requests that this Court find for Plaintiff and:

1.   Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her race or age;

2.   Order diversity training for all of Defendant's Management personnel;

3.   Reinstate Plaintiff to her former position with corresponding seniority, shift, pay and benefits or award front pay in lieu thereof;

-5-

4.    Order that the Plaintiff be awarded lost wages, including fringe benefits, lost holiday and overtime, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

5.    Award the Plaintiff compensatory damages, consequential damages, emotional distress damages, lost wages and benefits, and medical expenses in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's wrongful actions;

6.    Award the Plaintiff punitive damages;

7.    Award Plaintiff liquidated damages for Defendant's willful violation of the ADEA;

8.    Award the Plaintiff her attorney's fees, litigation expenses, and costs incurred as a result of this action;

9.    Award the Plaintiff pre- and post-judgment interest on all sums recoverable; and

10.    Grant all relief available under the statute(s) for which this action is brought and any other relief as may be just and proper.

Respectfully submitted,

*s/Kyle F. Biesecker*
Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: kfb@bdlegal.com

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Natalie Cogdell, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

*s/Kyle F. Biesecker*
Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: kfb@bdlegal.com

*Attorneys for Plaintiff*

-7-